UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
　 )
　　Plaintiff, )
　 )
v. )　　　　Case No. 3:25-cv-30102-MGM
　 )
SPRINGFIELD GARDENS, L.P., )
JACQUES SCHMIDT, and )
ABRAHAM WEBER, )
　 )
　　Defendants. )

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO QUASH
AND FOR PROTECTIVE ORDER[1]
(Dkt. No. 28)

MORGAN, U.S.M.J.

Springfield Gardens, L.P., Jacques Schmidt, and Abraham Weber (together,

"Defendants") jointly move to quash deposition notices issued to them by the

Federal National Mortgage Association ("Plaintiff" or "Fannie Mae"), which would

have required Schmidt and Weber to appear in Boston for their depositions. In

addition, Defendants seek a protective order requiring that the individual

depositions of Schmidt and Weber, as well as any Rule 30(b)(6) deposition of

Springfield Gardens, take place in New Jersey because Schmidt and Weber live and

---

[1] The court notes that Defendants filed a memorandum of law in support of a
motion (Dkt. No. 28), but did not file a separate motion. The court construes the
memorandum as a combined motion and memorandum.

work in the state and Springfield Gardens maintains its principal place of business there (Dkt. No. 28, at 3-6).[2]

As Fannie Mae noticed the depositions of Schmidt and Weber for May 13 and 20, 2026, respectively, and those dates have long since passed, the court DENIES the motion to quash as moot. In addition, for the reasons stated below, the court DENIES Defendants' motion for a protective order requiring that the depositions of Schmidt, Weber, and Springfield Gardens occur in New Jersey.

BACKGROUND

In 2025, Fannie Mae sued Schmidt, Weber, and Springfield Gardens, alleging breach of a loan agreement and guaranty pertaining to four multi-family rental properties located in Massachusetts, unjust enrichment and conversion, and unfair and deceptive trade practices, among other claims (*see generally* Amended Complaint, Dkt. No. 34). Weber, on behalf of Springfield Gardens, had previously signed a Multifamily Loan and Security Agreement with non-party servicer Capital One, National Association ("Capital One"), which provided that:

> Any controversy arising under or in relation to this Loan Agreement or any other Loan Documents shall be litigated exclusively in the Property Jurisdiction without regard to conflicts of laws principles. The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Loan Agreement or any other Loan Document. Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.

---

[2]    Defendants represent that Springfield Gardens' 30(b)(6) designee "will be either Schmidt or Weber, or possibly both" (Dkt. No. 28, at 3).

(Dkt. No. 34-1, at 97). As guarantors of the loan, Schmidt and Weber also signed a

Fannie Mae Guaranty of Non-Recourse Obligations, which includes the following

clause:

> Guarantor agrees that any controversy arising under or in relation to this Guaranty shall be litigated exclusively in the Property Jurisdiction. The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Guaranty or any other Loan Document with respect to the subject matter hereof. Guarantor irrevocably consents to service, jurisdiction and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

(*Id.* at 223). Fannie Mae claims that Capital One assigned each of these agreements

to it on November 19, 2020 (Dkt. No. 34, at 5).

Defendants, for their part, do not deny their original guarantor obligations

under these contracts, but rather represent that they are no longer involved with

the properties subject to the loan issue, and "long ago ceased[] to be parties to the

[l]oan . . . " (Dkt. No. 28, at 2). They explain, however, that the loan at issue "was

assigned to a new, third-party borrower —Madison Exchange as 1031 Intermediary

for Papyrus Equities, LLC— on or about June 28, 2024" (*id.*). Defendants have not

provided the court with documentation showing the original contracts have been

superseded by any subsequent contract, nor have they attempted to implead any

third party. Moreover, the conduct at issue is alleged to have begun in 2021, prior to

the purported discharge of Defendants' obligations.

3

ANALYSIS

Fed. R. Civ. P. 26(c)(1)(B) allows a court, "for good cause," to "issue an order . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In this case, Defendants seek to have the court issue a protective order pursuant to Rule 26(c)(1)(B) requiring that their depositions occur in New Jersey, where they live, not Massachusetts. They note, correctly, the "general presumption" that defendants should be deposed "at their residence or place of business, not at the plaintiff's chosen forum" (Dkt. No. 28, at 4) (citations omitted). *See Fortune Mgmt., Inc. v. Bly*, 118 F.R.D. 21, 22 (D. Mass. 1987) ("[I]n general, the defendant in an action should be examined at his or her residence or place of business or employment.") (internal citations omitted). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and exercise the first choice as to the forum. . . . Thus . . . plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum" (Dkt. No. 28, at 4 (quoting *Easy Pay Sols., Inc. v. Turner*, No. 2:24-CV-00085-SDN, 2024 WL 4838932, at *2 (D. Me. Nov. 20, 2024))).

The court does not disagree that this is the usual scenario, but it is not the one that is present here. Fannie Mae was *required* to bring this litigation in Massachusetts, pursuant to a valid forum selection clause. Where parties have agreed to a "valid forum-selection clause, that clause 'represents [their] agreement as to the most proper forum,' . . . and should be 'given controlling weight in all but

4

the most exceptional cases' . . . ." *Atl. Marine Const. Co.* v. *U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 51 (2013) (citing to *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 33 (1988)). As the Supreme Court has held:

> When parties agree to a forum-selection clause, *they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses*, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . [And] "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting."

*Id.* at 64 (emphasis added). Thus, given the existence of the forum selection clause in the parties' contracts, the usual presumption that a defendant should be deposed "at their residence or place of business, not at the plaintiff's chosen forum" is inapplicable here. *See, e.g., E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020).

Moreover, the presumption that a deposition of a corporate representative should occur at a corporation's principal place of business "appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Smith v. Shoe Show of Rocky Mount, Inc.*, No. 00-30141-MAP, 2001 WL 1757184, at *2 (D. Mass. Apr. 26, 2001) (quoting *Bank of N.Y. v. Meridien BIAO Bank of Tanz. Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)) (considering the deposition of corporate representatives). Thus, "a court may consider factors such as the location of counsel for both parties, the size of the defendant corporation and the regularity of executive travel, the nature of the claim, and the relationship of the parties" in determining a deposition location. *SRH*

5

*Holdings, LLC v. Gov't Emps. Ins. Co.*, No. CV 23-10325-DJC, 2024 WL 4608443, at *3 (D. Mass. Oct. 29, 2024) (citing *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009); *Smith*, 2001 WL 1757184, at *2-3).

Based on the court's assessment of the relevant factors, the depositions of Defendants should proceed in Massachusetts. Fannie Mae's counsel is in Boston and Defendants' local counsel is in Springfield. Defendants' lead counsel is in Memphis, Tennessee, and therefore would have to travel regardless of whether the depositions occurred in Massachusetts or New Jersey. Defendants assert that they do not travel to Massachusetts for business (they are silent on the size of their business), which might weigh in favor of a New Jersey deposition, if considered in isolation. But during the period relevant to the complaint, Defendants had extensive business in Massachusetts, owning more than 700 rental units in the greater Springfield area according to Fannie Mae, and voluntarily entered into a contract with Fannie Mae in Massachusetts, related to properties in Massachusetts, containing a forum selection clause requiring any litigation to occur in Massachusetts. Defendants' subsequent decision to withdraw from Massachusetts and operate a business out of New Jersey "does not alter the fact that [they] should well have expected to be pulled back to Massachusetts under the circumstances alleged by Plaintiff in [its] complaint." *Smith*, 2001 WL 1757184, at *3.

CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for a protective order. In addition, the court DENIES Defendants' motion to quash as moot. The parties are directed to confer regarding a date and time for Defendants' depositions.

/s/ Christopher L. Morgan
CHRISTOPHER L. MORGAN
United States Magistrate Judge

DATED: July 29, 2026

7